UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------
SIMA ABENSON-LEWI
on behalf of herself and
all other similarly situated consumers

                         Plaintiff,

       -against-


RETRIEVAL-MASTERS CREDITORS BUREAU INC.
D/B/A AMERICAN MEDICAL COLLECTION AGENCY

                         Defendant.

----------------------------------------------------------

# CLASS ACTION COMPLAINT

## *Introduction*

1. Plaintiff Sima Abenson-Lewi seeks redress for the illegal practices of Retrieval-Masters Creditors Bureau Inc. d/b/a American Medical Collection Agency concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

## *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Elmsford, New York.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations Particular to Sima Abenson-Lewi*

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff incurred with LabCorp.

10. Within the past year, the Plaintiff received collection correspondence from the Defendant regarding the alleged debt.

11. The Plaintiff made arrangements to pay the outstanding debt, and logged onto her account on the Defendant's website, www.pay.amcaonline.com.

12. While viewing her account, the Plaintiff observed that by choosing the online payment option, the page then stated:   "Convenience Fee   $ 4.95."

13. The Plaintiff, unwilling to pay the said convenience fee, contacted the Defendant by telephone and inquired if there were alternative payment options that would avoid a convenience fee.

14. The Plaintiff was told that there was no other way to pay the said debt other than being incurred a $4.95 convenience fee.

15. After contesting the $4.95 convenience fee, the Plaintiff was thereby forced to pay the Defendant's fee in addition to her incurred debt with LabCorp.

16. The notification, collection and the charging of the said convenience fee is unlawful.[1]

17. Defendant's convenience fee demand is in violation of 15 U.S.C. §§ 1692e(2) and 1692f(1) for engaging in deceptive practices, by making a false representation that it was entitled to receive compensation for payments made online or by phone, and by in fact collecting an amount that was not authorized by contract or permitted by law.

18. Plaintiff and the members of the class suffered actual damages in fact for being charged a convenience fee for payments made online or by telephone.

19. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

20. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

21. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

22. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

23. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

24. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to the Defendant's collection efforts.

25. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of

---

[1] Campbell v. MBI Associates, Inc., No. 12-989,__F. Supp. 3d__, 2015 WL 1543215, at *9-13 (E.D.N.Y. March 31, 2015), Acosta v. Credit Bureau, 2015 U.S. Dist. LEXIS 55870, Shami v. National Enter. Sys., 2010 WL 3824151 (E.D.N.Y. Sept.23, 2010). (The court concluded that the complaint sufficiently pleaded a cause of action for violation of §§ 1692f(1) and 1692e(2). The complaint involved a collection letter including the language ''you can now pay by automated phone system . . . or on the internet. Transaction fees will be charged if you use the automated phone system or the internet to make payment on this account. You are not required to use the automated phone system or the internet to make payment on this account.''), McCutcheon v. Finkelstein, Kern, Steinberg & Cunningham, 2012 WL 266893 (M.D. Tenn. Jan.30, 2012). (The plaintiff stated a viable FDCPA claim by alleging that the defendant collected or attempted to collect a $4.24 payment processing fee not expressly authorized by the agreement creating the debt.), Quinteros v. MBI Assocs., 2014 U.S. Dist. LEXIS 27735 (E.D.N.Y. Feb. 27, 2014). (FDCPA violated by Collector's Fee to process payments by credit card, or checks over phone.)

their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived her of hers right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

26. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

27. As an actual and proximate result of the acts and omissions of the Defendant, Plaintiff has suffered including but not limited to, actual damages, fear, stress, mental anguish, emotional stress and acute embarrassment for which she should be compensated in an amount to be established by a jury at trial.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.*

28. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through twenty seven (27) as if set forth fully in this cause of action.

29. This cause of action is brought on behalf of Plaintiff and the members of a class.

30. The class consists of all persons whom Defendant's records reflect resided in the State of New York and (a) who were sent collection letters from the Defendant within the past year; (b) the Plaintiff and the class members suffered actual damages for being charged a convenience fee for payments made online or by phone; and (c) the Plaintiff asserts that the Defendant violated 15 U.S.C. §§ 1692e(2) and 1692f(1) for making a false representation that it was entitled to receive compensation for payments made online or

by phone and for in fact placing such contested charges upon the Plaintiff and the class members.

31. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   A. Based on the fact that unauthorized convenience fees are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

   C. The only individual issue is the identification of the consumers who were charged such convenience fees (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

   D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

   E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

32. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally

unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

33. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

34. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

*Violations of the Fair Debt Collection Practices Act*

35. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

36. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to statutory and actual damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in her favor and against the Defendant and award damages as follows:

    A. Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

    B. Attorney fees, litigation expenses and costs incurred in bringing this action; and

    C. Any other relief that this Court deems appropriate and just under the circumstances.

                    Dated: Cedarhurst, New York
                          September 22, 2016

                                    _____/s/ Adam J. Fishbein_____
                                  Adam J. Fishbein, P.C.  (AF-9508)
                                    Attorney At Law
                                    **Attorney for the Plaintiff**
                                    735 Central Avenue
                                    Woodmere, New York 11598
                                    Telephone: (516) 668-6945
                                    Email: fishbeinadamj@gmail.com

Plaintiff requests trial by jury on all issues so triable.

                                    _____/s/ Adam J. Fishbein____
                                    Adam J. Fishbein (AF-9508)



To Sima Abenson-lewi:

*Payment Receipt 08/03/2016*

**Confirmation Code: 00257D**

| Account | Balance | Amount Paid | New Balance |
|---|---|---|---|
| LabCorp Secondary 4202Y1803170 | $79.01 | $79.01 | $0.00 *Paid In Full* |
| | Convenience Fee | 4.95 | |
| Credit Card xxxx-xxxx-xxxx-8222 | Total | **$83.96** | |

Thank you for your payment. If there is anything we can help you with,
please contact us at (844) 515-AMCA